**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOHN LYONS,

        Appellant,

        v.

DEPARTMENT OF THE NAVY,

        Agency.

DOCKET NUMBER
SF-1221-16-0019-W-1

DATE: June 29, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

James A. D'Ambrosio, Esquire, San Diego, California, for the appellant.

I.C. LeMoyne, San Diego, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in this individual right of action (IRA) appeal. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Western Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2      The appellant was employed as an Indoor Shooting Range (ISR) Manager within the agency's Special Warfare Group ONE (WARCOM).  Initial Appeal File (IAF), Tab 8 at 74, 78, Tab 27 at 4.  In January 2009, the appellant enrolled himself and an ISR contract employee in the agency's semi-annual blood lead monitoring and hearing conservation program.  IAF, Tab 7 at 71, Tab 39, Hearing Transcript, Day 1 (HT1) at 16-17 (testimony of the appellant).  The agency removed them from the program in February 2010, finding that the testing was unnecessary and, in the case of the contract employee, also improper.  HT1 at 18 (testimony of the appellant); IAF, Tab 7 at 57-59.

¶3      In May 2014, the appellant applied for a promotion to Supervisory Range Manager.  IAF, Tab 4 at 16, 98.  An agency Human Resources Specialist notified him on May 23, 2014, that he was not selected for the position.  IAF, Tab 7 at 39.  Shortly thereafter, on May 30, 2014, he met with his first-line supervisor, the Range Director, to discuss the nonselection.  *Id.* at 55-56, 60-61.  He then participated in a meeting with the Operations Officer, the Range Officer, the Deputy Operations Officer, who was his second-line supervisor, and his first-line supervisor, on June 5, 2014, and further expressed his concerns.  IAF, Tab 4 at 70, Tab 8 at 7.  On June 17, 2014, the appellant's first-line supervisor issued him a letter of caution to clarify his expectations of conduct after the May 30 and June 5, 2014 meetings.  IAF, Tab 8 at 40-41, Tab 27 at 4.

¶4      On June 27, 2014, the appellant filed an Office of the Chief of Naval Operations (OPNAV) Navy Employee Report of Unsafe or Unhealthy Working Condition (OPNAV 5100/11) Form.  IAF, Tab 7 at 19.  He indicated on the Form that there had been lead and noise exposure in the ISR as well as deficiencies in training and occupational health surveillance programs.  *Id.*  He also indicated that his supervisor was made aware that the Industrial Hygienist who was responsible for testing the ISR and making recommendations had falsified a 2011 report and made false statements to staff in June 2013.  IAF, Tab 7 at 19, Tab 32

at 57-68. He observed that the agency had ended his regular lead and auditory testing. IAF, Tab 7 at 19. He also indicated that contractor employees received semi-annual lead exposure and hearing testing through their parent company. *Id.*

¶5    The agency's Occupational Health Program Manager issued an interim response on July 15, 2014, in which he concluded that the appellant's claims were not validated. *Id.* at 71-78. However, he stated that, because the appellant was concerned about lead levels, he had been scheduled for a blood test to set a baseline for the lead levels in his blood. *Id.* Later that month, the agency tested the appellant's blood for lead exposure. The test revealed high levels of lead exposure. IAF, Tab 27 at 5. However, it did not reveal long-term exposure to lead. IAF, Tab 40, Hearing Transcript, Day 2 at 64 (testimony of the appellant's second-line supervisor), 192-93 (testimony of the agency's Industrial Hygienist). On July 18, 2014, the Occupational Health Program Manager issued his final response to the appellant's OPNAV 5100/11 Form. IAF, Tab 7 at 63-64. He recommended that the Safety Manager modify any requirements for medical surveillance as necessary based upon blood lead air monitoring results. *Id.* He further indicated that, because the appellant showed elevated blood lead levels, the agency would require his inclusion in a semi-annual blood lead monitoring and medical surveillance program. *Id.* The appellant forwarded his OPNAV 5100/11 Form to the WARCOM Safety Director and others on July 25, 2014, stating that the agency had failed to timely respond to the Form as required by agency policy. *Id.* at 43-44, 66-68. He also further disagreed with the agency's assessment of the issues he raised in his first submission of the Form, and expounded on his disclosures in the Form. *Id.* at 66-67.

¶6    On August 8, 2014, the appellant filed a formal grievance. *Id.* at 23-26. He asserted that his first- and second-line supervisors retaliated against him for filing the OPNAV 5100/11 Form, including by issuing him the letter of caution, his supervisors did not address a complaint against the Industrial Hygienist for violating his Privacy Act and Health Insurance Portability and Accountability Act

of 1996 rights, and management did not address his complaints about his worksite. *Id.* at 23-26. He also questioned whether the agency was properly recording his additional work hours as "comp. time." *Id.* at 25. On September 19, 2014, the agency issued a response to the grievance.[2] IAF, Tab 6 at 75-76. It stated, among other things, that it would refer his complaint regarding the failure to safeguard information protected by the Privacy Act to the Privacy Act Coordinator, and that his unit would be provided with further training regarding time and attendance regulations. *Id.* at 76.

¶7 The appellant's second-line supervisor issued the appellant a notice of proposed removal on October 28, 2014, on the basis of four specifications of conduct unbecoming a Federal employee. IAF, Tab 4 at 15-19. The conduct at issue included the appellant's alleged attempts to disrupt the ISR's laser range operations; "pattern . . . of making unsubstantiated claims and allegations"; and "hostile, intimidating, and disrespectful conduct towards co-workers and others." *Id.* at 15-17. After considering the appellant's written and oral responses, the agency's deciding official imposed the removal on November 25, 2014, effective November 28, 2014. IAF, Tab 4 at 22-26, Tab 27 at 5.

¶8 Before the agency had proposed his removal, the appellant filed a complaint with the Office of Special Counsel (OSC) on October 5, 2014. IAF, Tab 4 at 43-128. He amended his OSC complaint to include the proposed and imposed removal and OSC considered these personnel actions. *Id.* at 131-34. The appellant asserted that he made protected disclosures on May 30, 2014, to his first-line supervisor; on June 27, 2014, in the OPNAV 5100/11 Form as to unsafe or unhealthy working conditions; and on July 25, 2014, by emailing a copy of the

---

[2] The agency did not consider the letter of caution, as this was not a grievable action. IAF, Tab 6 at 75. It also did not consider matters addressed in the OPNAV 5100/11 Form because a matter considered under an alternative formal review procedure could not be grieved. *Id.* Although the appellant had requested his own reassignment and discipline against his managers, the agency denied this request. IAF, Tab 6 at 76, Tab 7 at 26.

OPNAV 5100/11 Form to other agency officials. *Id.* at 100-01, 126-28, 132-34. As to his meeting with his supervisor on May 30, 2014, he alleged that he disclosed concerns as to the agency's manipulation of position descriptions, failure to properly compensate employees for work or permit them to use leave, poor safety training and culture, and high ISR lead levels. HT1 at 35-39, 42 (testimony of the appellant); IAF, Tab 4 at 9-25, 73, 132. As to the OPNAV 5100/11 Form, the appellant described filing the Form, forwarding it, and filing a grievance alleging retaliation for filing it. IAF, Tab 4 at 74. Further, he described that he made another disclosure when he forwarded the OPNAV 5100/11 Form to the WARCOM Safety Director on July 25, 2014, and asserted that the agency had not properly addressed it because, among other things, it had not timely responded to the Form. *Id.* He argued that the agency engaged in a pattern of retaliation against him, issued him the letter of caution, did not select him for the Supervisory Range position, denied his workers' compensation claim, proposed his removal, and removed him.[3] *Id.* at 69-72, 132-33. On August 3, 2015, OSC issued a letter stating that, after considering the appellant's additional responses, it had closed out his complaint. *Id.* at 131. OSC then provided the appellant with notice of his Board appeal rights. *Id.*

¶9     The appellant filed the instant IRA appeal. IAF, Tab 1. The administrative judge found that the appellant exhausted his OSC remedy and the Board has jurisdiction. IAF, Tab 35 at 2, Tab 51, Initial Decision (ID) at 1, 18-19. However, after holding a hearing, the administrative judge issued an initial decision that denied the appellant's request for corrective action on the merits.

---

[3] The appellant also asserted that he made the following protected disclosures: (1) in June 2014, in an email to his first-line supervisor, he stated that performance appraisals were posted on a shared drive, in violation of the Privacy Act; (2) in 2014 email chains he stated that, although the laser program was not in compliance with agency regulations, the site continued to use the lasers; and (3) beginning as early as 2010, he informed his first-line supervisor that Government contractors were improperly performing governmental functions, given improper access, and not subject to appropriate safety testing. IAF, Tab 4 at 15, 24-25, 41, 51-52, 132.

ID at 1, 31. As to the May 30, 2014 meeting with his first-line supervisor, the administrative judge found that the appellant failed to prove that he made the disclosures alleged. ID at 19-21. As to the June 27, 2014 OPNAV 5100/11 Form, and the forwarding of that Form on July 25, 2014, she found that the appellant made protected disclosures of health and safety concerns and the agency's alleged violation of Occupational Safety and Health Administration (OSHA) regulations.[4] ID at 22. Because the appellant sought to remedy whistleblower reprisal in his August 8, 2014 grievance, the administrative judge concluded the filing of the grievance was a protected activity. ID at 23.

¶10 The administrative judge also determined that the appellant failed to prove that his protected disclosures and activity were contributing factors in the agency's decision not to select him for a position in May 2014, because his nonselection predated his disclosures. ID at 23-24. However, she concluded that he met his burden as to the agency's decision to propose and impose his removal. *Id.* She concluded that the agency proved by clear and convincing evidence that it would have removed the appellant absent these disclosures and activity. ID at 24-31.

¶11 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has responded to the petition, and the appellant has replied. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge properly determined that the Board has jurisdiction over this appeal.

¶12 To establish jurisdiction over this IRA appeal, the appellant must first establish by preponderant evidence that he exhausted his administrative remedy

---

[4] Although the administrative judge stated that she was finding that the appellant engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A), as is further discussed below, her actual finding appears to be that the appellant made protected disclosures under 5 U.S.C. § 2302(b)(8)(A).

before OSC and make nonfrivolous allegations of the following: (1) he made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or activity was a contributing factor in the agency's decision to take or fail to take, or threaten to take or fail to take, a personnel action. 5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). The administrative judge found that the Board has jurisdiction over the appeal. ID at 1. Neither party challenges this finding on review.

¶13 The appellant provided evidence, and the administrative judge expressly found, that he exhausted his OSC remedy. ID at 18-19. We agree. IAF, Tab 4 at 123-28, 132-34. The administrative judge did not explain her findings that the appellant met his burden to nonfrivolously allege that he made protected disclosures or engaged in protected activities, or that such disclosures or activities were contributing factors in an agency personnel action. ID at 1; IAF, Tab 13, Tab 35 at 2. Nonetheless, we sustain her jurisdictional finding. The standard for establishing jurisdiction and the right to a hearing in an IRA appeal is a nonfrivolous allegation that at least one protected disclosure or activity was a contributing factor in the agency taking or failing to take at least one personnel action. *Fitzgerald v. Department of Agriculture*, 97 M.S.P.R. 181, ¶¶ 9-10 (2004); *see Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 6 (2016) (explaining that any doubt or ambiguity as to whether the appellant made nonfrivolous jurisdictional allegations should be resolved in favor of finding jurisdiction). The appellant met that burden. IAF, Tab 4 at 141, Tab 34 at 5-6.

¶14 Once an appellant establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim, which he must prove by preponderant evidence. *Salerno*, 123 M.S.P.R. 230, ¶ 5. If the appellant proves that his protected disclosure or activity was a contributing factor in a personnel action taken against him, the agency is given an opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the

absence of the protected disclosure or activity. 5 U.S.C. § 1221(e)(1)-(2); *Salerno*, 123 M.S.P.R. 230, ¶ 5.

The administrative judge properly found that the appellant failed to prove by preponderant evidence that he made protected disclosures on May 30, 2014.

¶15    After extensively examining the testimonial and record evidence, the administrative judge found that the appellant failed to prove that he actually made the statements that he claimed during the May 30, 2014 meeting.[5]  ID at 19-21. The parties do not challenge this finding on review, and we discern no basis to disturb it.  *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (explaining that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so).

---

[5] The administrative judge's order and summary of prehearing conference refers to a May 27, 2014 meeting.  IAF, Tab 35 at 2.  However, we assume it is referring to the May 30, 2014 meeting.  Further, the initial decision also found that the appellant made no protected disclosure during a second meeting with managers on June 5, 2014.  ID at 19-21.  However, disclosures allegedly made during the June 5, 2014 meeting were not identified in the prehearing conference summary.  IAF, Tab 35 at 2.  The summary clearly identified the disclosures at issue, explained that the issues for decision were limited to those identified in the summary, and provided the parties with an opportunity to object.  *Id.* at 2, 5, 9.  Neither party objected.  Although the appellant identified the June 5, 2014 meeting in his OSC complaint, he did not claim he made any disclosures therein, but rather stated that he "did not get a chance to talk without being interrupted."  IAF, Tab 4 at 127.  The parties do not raise the June 5, 2014 meeting as an issue on review.  Therefore, we find it unnecessary to revisit the administrative judge's finding that the appellant did not make protected disclosures at that meeting. ID at 19-21; *see Crowe v. Small Business Administration*, 53 M.S.P.R. 631, 635 (1992) (declining to consider arguments raised on review concerning an issue that was not reflected in a prehearing conference summary to which an appellant had an opportunity to, but did not, object).  Similarly, on review, the appellant appears to assert retaliation for filing an OSC complaint.  PFR File, Tab 1 at 9-10.  The order and summary of prehearing conference does not identify this protected activity.  IAF, Tab 35 at 2. Further, the administrative judge did not address this argument in the initial decision. ID at 19-23.  Thus, this claim is not properly before us.

<u>The administrative judge failed to make specific findings as to appellant's remaining alleged protected disclosures and activity.</u>

¶16    The administrative judge found that the appellant made a number of potentially protected disclosures on his June 27, 2014 OPNAV 5100/11 Form.  ID at 22.  She identified these disclosures as alleged deficiencies in the agency's training and occupational health surveillance programs, falsification of a 2011 report by an industrial hygienist, and false statements by an industrial hygienist at a June 2013 meeting with ISR staff, and that the appellant "is affected in the ISR," and "other locations are affected."  *Id.*  She characterized his July 25, 2014 email forwarding the Form as expressing dissatisfaction with the agency's handling of the Form.  *Id.*  She then stated, as to both the Form and the subsequent email, that "while it is evident that certain of the allegations, standing alone, would not qualify as protected disclosures," the appellant generally alleged matters related to health and safety and the agency's compliance with OSHA rules, regulations, and standards concerning lead exposure, which she identified as protected.  *Id.*  While the parties do not dispute these findings, we find that we must vacate them.

¶17    Although the administrative judge stated that she found the appellant engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A) when he filed and forwarded his OPNAV 5100/11 Form, it appears that she intended to state that he made protected disclosures under section 2302(b)(8)(A).  ID at 22.  An employee engages in protected activity over which the Board has jurisdiction in an IRA appeal when he exercises "any appeal, complaint, or grievance right granted by any law, rule, or regulation—with regard to remedying a violation of [§ 2302(b)(8)]."  5 U.S.C. § 2302(b)(9)(A)(i); *see* 5 U.S.C. §§ 1214(a)(3), 1221(a), (e)(1); *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013).  However, the Board does not have jurisdiction over an IRA appeal regarding a claim of retaliation for filing an appeal, complaint, or grievance that does not seek to remedy a violation of section 2302(b)(8); in other words, a claim

that does not seek to remedy reprisal for whistleblowing.  5 U.S.C. §§ 1214(a)(3), 1221(a), (e)(1), 2302(b)(9)(A)(ii); *Mudd*, 120 M.S.P.R. 365, ¶ 7; *see Mattison v. Department of Veterans Affairs*, 123 M.S.P.R. 492, ¶¶ 7-8 (2016) (explaining that a claim of reprisal for filing internal agency appeals that did not seek to remedy whistleblowing reprisal arose under 5 U.S.C. § 2302(b)(9)(A)(ii)).  Here, the appellant did not allege retaliation for protected disclosures.  IAF, Tab 7 at 19, 43-44, 66-67.  Thus, the appellant's OPNAV 5100/11 Form itself did not constitute protected activity.  Despite her characterization of the OPNAV 5100/11 Form and the email forwarding the Form as constituting a protected activity, it is apparent that the administrative judge properly considered whether the Form contained protected disclosures.  ID at 22.

¶18    In analyzing the potential disclosures, the administrative judge appears to have identified only the statements the appellant made on the OPNAV 5100/11 Form itself, as well as a generalized statement of dissatisfaction with the agency's response when he forwarded the Form.  IAF, Tab 7 at 19.  In particular, in forwarding the Form, the appellant alleged that the agency's response to his OPNAV 5100/11 was untimely under agency policy.  *Id.* at 66.  The administrative judge did not identify the specifics of the appellant's disclosures as the agency apparently understood them or as the appellant later clarified and expanded them when he forwarded the Form.  ID at 22.  Some of the specifics include allegations that the agency engaged in improper timekeeping practices and in removing the appellant from regular lead testing in 2010, and the ending of regular lead testing resulted in the appellant's elevated lead levels when tested in 2014.  IAF, Tab 7 at 66-67, 77-80.  As other examples of his disclosures, the appellant also alleged that the agency manipulated position descriptions, manpower, and the hiring process, and his second-level supervisor refused to implement OSHA and military instructions.  *Id.* at 66-67.

¶19    An initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the

administrative judge's conclusions of law and her legal reasoning, as well as the authorities on which that reasoning rests. *Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 14 (2015). Here, the administrative judge's findings are incomplete because she did not identify and analyze each of the alleged disclosures at issue. *Id.* Further, her findings are unclear because, although she generally found Board jurisdiction, she did not state whether she was finding the appellant's specific disclosures protected on the merits or at the jurisdictional stage. *Id.* Therefore, we remand the appeal for these findings for a more complete analysis. *Id.*, ¶¶ 14, 27 (explaining that the administrative judge who held a hearing is in the best position to make factual findings and detailed credibility assessments on disputed factual issues).

¶20    In considering the appellant's disclosures on remand, the administrative judge should determine whether the appellant reasonably believed that his disclosures evidenced any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. §§ 1221(e)(1), 2302(b)(8)(A); *Bradley*, 123 M.S.P.R. 547, ¶ 7. The test for the reasonableness of the appellant's belief is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the disclosure evidenced one of the aforementioned circumstances. *Bradley*, 123 M.S.P.R. 547, ¶ 7. Although the administrative judge identified this test, she did not make findings as to whether the appellant believed his disclosures evidenced wrongdoing or the reasonableness of such belief. ID at 3, 22.

¶21    Because the administrative judge did not make findings as to whether the appellant proved that he reasonably believed his disclosures on the OPNAV 5100/11 were protected, she also must revisit her finding that the appellant's grievance alleging retaliation for the OPNAV 5100/11 was protected activity. ID at 23; IAF, Tab 7 at 23. As mentioned above, to constitute protected activity

within the scope of the Board's IRA jurisdiction, the grievance must seek to remedy whistleblower reprisal. This includes the requirement that an appellant prove that he reasonably believed his disclosures were protected.[6] *See Bradley*, 123 M.S.P.R. 547, ¶ 7. Without this finding, we cannot rule on the administrative judge's determination that the appellant's grievance was protected activity.[7]

<u>We must vacate the administrative judge's clear and convincing analysis.</u>

¶22    If an appellant proves that his protected disclosure or activity was a contributing factor in a personnel action that was taken or threatened, the agency is given an opportunity to prove, by clear and convincing evidence, that it would have taken or threatened the same personnel action in the absence of the protected disclosure or activity. 5 U.S.C. § 1221(e)(1)-(2); *Carr v. Social Security Administration*, 185 F.3d 1318, 1322-23 (Fed. Cir. 1999); *see Salerno*, 123 M.S.P.R. 230, ¶ 5. However, the Board may not proceed to the clear and convincing evidence test unless it has first made a finding that the appellant established his prima facie case. *Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014), *aff'd per curiam*, 623 F. App'x 1016 (Fed. Cir. 2015).[8] Therefore, we must vacate the administrative judge's finding that the

---

[6] After the issuance of the initial decision, Congress passed section 1097(c)(1) of the National Defense Authorization Act (NDAA), Pub. L. No. 115-91, 131 Stat. 1283, 1618 (2017), which amended 5 U.S.C. § 2302(b)(9)(C) to provide protections for individuals who cooperate or disclose information to "any other component responsible for internal investigation or review." However, as we found in *Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 30-33, this statute does not apply to cases arising before the enactment of the NDAA. Accordingly, we do not consider whether the appellant's safety complaints or grievance constitute protected activity under section 2302(b)(9)(C).

[7] The administrative judge's well-reasoned finding that the appellant proved contributing factor as to his removal, but not his nonselection, is not challenged by the parties on review. ID at 23-24. However, because we are vacating the administrative judge's finding that the appellant made protected disclosures, we decline to review her finding as to whether the disclosures contributed to the agency's actions.

[8] Although the U.S. Court of Appeals for the Seventh Circuit has questioned the Board's reasoning in its *Clarke* decision on other grounds, it did not have occasion to

agency met its burden to prove it would have removed the appellant absent his protected disclosures and activity. We do not reach the appellant's arguments that the administrative judge's analysis was in error. PFR File, Tab 1 at 7-8, 10-13, 15, 18-21.

¶23      If the administrative judge again reaches this issue on remand, she should consider not only the motives of the agency's decision makers, such as the deciding official, but also any motive on the part of other agency officials who influenced the decision. *Herman v. Department of Justice*, 119 M.S.P.R. 642, ¶ 16 (2013). In addition, if she determines that the appellant's August 2014 grievance was protected activity, she should factor this activity into her analysis of whether the agency met its burden. The administrative judge did not consider this evidence in conducting her analysis of whether the agency met its burden. ID at 28-30. Finally, she should consider whether the absence of any comparators is evidence of retaliatory motive.[9] *See Whitmore v. Department of Labor*, 680 F.3d 1353, 1374 (Fed. Cir. 2012) (observing that an agency's failure to come forward with evidence as to comparators may be to its detriment).

## ORDER

¶24      For the reasons discussed above, we remand this case to the Western Regional Office for further adjudication in accordance with this Remand Order. In her remand initial decision, the administrative judge may adopt, as appropriate, her prior findings that the Board has jurisdiction over the appeal and that the appellant failed to prove that he made any protected disclosures on May 30, 2014. If she finds the appellant proved he made protected disclosures or that his

---

address this particular finding in *Clarke*. *See Delgado v. Merit Systems Protection Board*, 880 F.3d 913, 924-25 (7th Cir. 2018) (questioning *Clarke*'s findings as to whether an employee proved OSC exhaustion).

[9] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

grievance was a protected activity, she also may readopt the relevant findings that the appellant met his burden to prove contributing factor.


FOR THE BOARD:                           /s/ for
                              _____
                              Jennifer Everling
                              Acting Clerk of the Board
Washington, D.C.